# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**04 11718 PBS**

|  |  |
|---|---|
| KINUE ROSARIO,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>)  MAGISTRATE JUDGE Bowler<br>) |
| SECURITAS SECURITY SERVICES<br>USA INC., d/b/a PINKERTON,<br>    Defendant | )<br>)<br>)<br>)<br>) |

RECEIPT # 57732
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 8/4/04

## COMPLAINT AND JURY DEMAND

### PARTIES

1.    The Plaintiff, Kinue Rosario, is a resident of Brockton, County of Plymouth, Commonwealth of Massachusetts.

2.    The Defendant, Securitas Security Services USA Inc., d/b/a Pinkerton, (the "Defendant") is a corporation duly organized under the laws of the State of Delaware, having a usual place of business in Quincy, Norfolk County, Commonwealth of Massachusetts.

### FACTUAL ALLEGATIONS

3.    The Plaintiff was hired as a security guard by the Defendants in or about October 2001, and assigned to work at Brockton Hospital, on the 11-7 shift, where she was subject to the supervision of one Jimmy Giraldo.

4.    In or about November of 2001, and on and ongoing and continuous basis thereafter, Giraldo made unwanted sexual advances and offensive comments of a sexual

1

nature toward the Plaintiff, which had the effect of unreasonably interfering with her employment.

5. Giraldo retaliated against the Plaintiff for rebuffing his sexual overtures, by *inter alia*, assigning her to undesirable work assignments for which she was not trained; switching her hours of work; and making her perform tasks outside her job description.

6. In or about January 2002, the Plaintiff reported Giraldo's misconduct to the Joseph Scagline, the Defendant Pinkerton's Human Resources Manager.

7. During this meeting, Scagline told the Plaintiff he would investigate the allegations of sexual harassment against Giraldo, and ordered the Plaintiff reinstated to the shift from which Giraldo had transferred her.

8. By letter dated January 16, 2002, Scagline, however, informed the Plaintiff that there "was no evidence to substantiate her allegations" of sexual harassment against Giraldo.

9. Subsequent to her reassignment to her original shift, Giraldo and another employee continued to harass and intimidate the Plaintiff, in retaliation for her complaints, and gave her unfavorable work assignments, with the intent to force her to quit.

10. In or about February 2002, the Defendant was informed the Plaintiff was pregnant.

11. The Defendant notified the Plaintiff that she would no longer be permitted to work at Brockton Hospital because she was pregnant, and thus could not perform the essential functions of her job, and offered her reassignment to Lakeville, Massachusetts.

2

12. The Plaintiff warned the Defendant that this reassignment might not be suitable to her because Lakeville was geographically distant from her home, and because she was concerned about pregnancy related illness.

13. The Plaintiff reported to work on February 17, 2002, but determined that the commute was too difficult for her, and informed Scaglione of this fact.

14. The Defendant did not offer the Plaintiff suitable continued employment, and therefore caused her termination from employment.

## JURISDICTION

15. The Plaintiff has satisfied all prerequisites to suit under G. L. c. 151B and Title VII, 42 U.S.C. § 2000e.

16. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331, federal question, and Title VII, 42 U.S.C. § 1983.

## COUNT I

### Sexual Harassment – Violation of Title VII, 42 U.S.C. § 2000e

17. By the acts described above, and by the actions of its agents, the Defendant subjected the Plaintiff on an ongoing and continuous basis to a sexually hostile work environment, which unreasonably and substantially interfered with the Plaintiff's employment, and which a reasonable woman would not tolerate, in violation of Title VII, 42 U.S.C. § 2000e.

18. The sexually hostile work environment was created by the acts of the Giraldo in making unwelcome sexual advances and pervasive remarks of a sexual nature toward the Plaintiff; by the fact that agents of the Defendant were aware of Giraldo's sexual harassment of Plaintiff but allowed, condoned, and encouraged it; by the

3

Defendant's failure to address the Plaintiff's complaints about Giraldo's conduct; by the Defendant's hostile reaction to the Plaintiff's complaints; by the Defendants' hostile and retaliatory treatment of the Plaintiff following her complaints of sexual harassment; and by the Defendants' condoning of sexually hostile treatment and stereotypical attitudes by the male employees toward and female employees in general.

19. The Defendant's conduct adversely affected the Plaintiff generally and in the terms and conditions of her employment, and would have adversely affected any reasonable woman.

20. By creating, condoning, and perpetuating a sexually hostile work environment, the Defendant has intentionally and with reckless indifference and disregard violated Title VII, 42 U.S.C. § 2000e.

21. As a result of the acts complained of herein, the Plaintiff has suffered and will continue to suffer the loss of income, benefits and other compensation, medical expenses, and the Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses, and the Plaintiff has further suffered severe emotional and distress.

## COUNT II

### Sexual Harassment – Violation of G.L. c. 151B

22. The Plaintiff incorporates by reference all previous allegations made herein.

23. By the acts described above, and by the actions of its agents, the Defendant subjected the Plaintiff on an ongoing and continuous basis to a sexually hostile work environment, which unreasonably and substantially interfered with the Plaintiff's

4

employment, and which a reasonable woman would not tolerate, in violation G.L. c. 151B.

24. The sexually hostile work environment was created by the acts of the Giraldo in making unwelcome sexual advances and pervasive remarks of a sexual nature toward the Plaintiff; by the fact that agents of the Defendant were aware of Giraldo's sexual harassment of Plaintiff but allowed, condoned, and encouraged it; by the Defendant's failure to address the Plaintiff's complaints about Giraldo's conduct; by the Defendant's hostile reaction to the Plaintiff's complaints; by the Defendants' hostile and retaliatory treatment of the Plaintiff following her complaints of sexual harassment; and by the Defendants' condoning of sexually hostile treatment and stereotypical attitudes by the male employees toward and female employees in general.

25. The Defendant's conduct adversely affected the Plaintiff generally and in the terms and conditions of her employment, and would have adversely affected any reasonable woman.

26. By creating, condoning, and perpetuating a sexually hostile work environment, the Defendant has intentionally and with reckless indifference and disregard violated G.L. c. 151B.

27. As a result of the acts complained of herein, the Plaintiff has suffered and will continue to suffer the loss of income, benefits and other compensation, medical expenses, and the Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses and the Plaintiff has further suffered severe emotional and distress.

## COUNT III-

### Retaliation-Title VII

28. The Plaintiff hereby incorporates by reference all previous allegations made herein.

29. By complaining to Pinkerton that she had been sexually harassed and had been given discriminatory assignments, the Plaintiff engaged in activities protected by Title VII, 42 U.S.C. § 2000e.

30. By the adverse actions described above, including but not limited to the ongoing harassment to which she was subjected generally; her assignments to less favorable positions, and the reassignment to a job which the Defendants knew would cause her termination from employment, the Defendant, by the acts of its agents, retaliated against the Plaintiff for engaging in activity protected by Title VII, 42 U.S.C. § 2000e.

31. As a result of the acts complained of herein, the Plaintiff has suffered harm, injury and damages, including but not limited to the loss of income, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses, and the Plaintiff has further suffered severe emotional and distress.

## COUNT IV-

### Retaliation – G.L. c. 151B

32. The Plaintiff hereby incorporates by reference all previous allegations made herein.

33. By complaining to Pinkerton that she had been sexually harassed and had been given discriminatory assignments, the Plaintiff engaged in activities protected by G.L. c. 151B.

34. By the adverse actions described above, including but not limited to the ongoing harassment to which she was subjected generally; her assignments to less favorable positions, and the reassignment to a job which the Defendants knew would cause her termination from employment, the Defendant, by the acts of its agents, retaliated against the Plaintiff for engaging in activity protected by G.L c. 151B.

35. As a result of the acts complained of herein, the Plaintiff has suffered harm, injury and damages, including but not limited to the loss of income, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses, and the Plaintiff has further suffered severe emotional and distress.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court enter a judgment:

(a) Awarding her back pay, front pay, damages for emotional distress, compensatory, liquidated, and punitive damages, costs and attorney's fees, as provided by G.L. c. 151B, 42 U.S.C. 2000e;

(b) enjoining and permanently restraining the Defendant's violation 42 U.S.C. § 2000e, and G.L. c. 151B;

(c) directing the Defendants to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices are eliminated;

(d)   granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

THE PLAINTIFF

By her attorney,

*/s/ Daniel W. Rice*

Daniel W. Rice
GLYNN, LANDRY,
HARRINGTON & RICE, LLP
10 Forbes Road
Braintree, MA 02184
BBO # 559269
(781) 849-8479

Dated: July 29, 2004

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KINUE ROSARIO

## DEFENDANTS
SECURITAS SECURITY SERVICES USA, INC., d/b/a PINKERTON

(b) County of Residence of First Listed Plaintiff __PLYMOUTH__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

DANIEL W. RICE, HARRINGTON & RICE, 10 FORBES ROAD
BRAINTREE, MA 02184 (781) 849-8479

Attorneys (If Known)

04-11718-PBS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | DEF | PLF | | DEF | PLF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS -Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

SEXUAL HARASSMENT, TITLE VII, 42 U.S.C. SEC. 2000e

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __ROSARIO V. PINKERTON__ SECURITAS SECURITY USA, INC. f/k/a PINKERTON

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   - ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - ___ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - ___ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES    **NO**
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    **NO**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   **YES**    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      **EASTERN DIVISION**    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)    DANIEL RICE
ATTORNEY'S NAME _____
ADDRESS __10 FORBES ROAD, BRAINTREE, MA 02184__
TELEPHONE NO. __(781) 849-8479__

(Cover sheet local.wpd - 11/27/00)